**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Bankruptcy No. 06 B 13223 |
| | ) | Chapter 13 |
| LINDA J. BLANCO, | ) | Judge John H. Squires |
| | ) | |
| Debtor. | ) | |

## MEMORANDUM OPINION

This matter comes before the Court on the objection of AmeriCredit Financial Services, Inc. (the "Creditor") to confirmation of the amended Chapter 13 plan filed by Linda J. Blanco (the "Debtor") because the Debtor proposes to surrender its collateral in full satisfaction of the Creditor's claim. For the reasons set forth herein, the Court sustains the Creditor's objection to the Debtor's plan. The Court holds that the Debtor may not surrender the collateral in full satisfaction of the debt to the Creditor. The Creditor is entitled to seek its available state law remedies, including its right to an unsecured deficiency claim after liquidation of its collateral.

## I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to decide this matter pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. It is a core proceeding under 28 U.S.C. § 157(b)(2)(L).

## II. FACTS AND BACKGROUND

On February 28, 2005, the Debtor purchased a 2005 Chevrolet Cavalier motor vehicle (the "Vehicle"). (Creditor Objection, Ex. A.) The retail installment contract provided that the Debtor would pay the amount financed–$12,702.39–to the Creditor in monthly installments of $322.21 over a period of 60 months at an interest rate of 17.95%. (*Id.*) It is undisputed that the retail installment contract granted the Creditor a purchase money security interest in the Vehicle. (*Id.*) In addition, it is undisputed that the Vehicle was acquired by the Debtor for her personal use and within 910 days of the commencement of this case.

On October 16, 2006, the Debtor filed a voluntary Chapter 13 bankruptcy petition and plan. The Creditor filed a claim on October 23, 2006, in the amount of $11,241.00. (Claims Register, Claim No. 4-1.) Thereafter, on November 3, 2006, the Court granted the Creditor's motion for relief from the automatic stay, which permitted the Creditor to take possession of, sell, and foreclose its security interest in the Vehicle. (Docket No. 17.) The Creditor foreclosed its security interest in the Vehicle and sold same. After the sale of the Vehicle, and applying all charges and credits to the Debtor, there remains an unsecured deficiency balance due from the Debtor to the Creditor in the sum of $6,667.50. The Creditor filed an amended unsecured claim on January 2, 2007 in that amount. (Claims Register, Claim No. 4-2.)

The original plan did not identify the Creditor as a secured creditor to be paid under the plan. On January 5, 2007, the Debtor filed an amended plan,[1] which provides that "[t]he debtor

[1] The Debtor filed another modified plan on January 11, 2007. The latest version of the Debtor's Chapter 13 plan does not change the treatment of the Creditor. Rather, it increases the amount of the arrears payable to Villas of the Fields Condominium Association. For purposes of this Opinion, the latest iteration of the Debtor's plan and the described change do not affect the outcome of this matter.

having surrendered the [Vehicle], the claim of [the Creditor] shall be treated as fully secured and paid in full. No payment shall be made on any claim filed by said [C]reditor or its assign." (Modified Chapter 13 Plan, Jan. 5, 2007, § G.4.)

The Creditor filed an objection to confirmation of the Debtor's modified plan on the basis that the Debtor proposes to surrender the Vehicle to the Creditor in full satisfaction of the debt. The Creditor asserts that its amended unsecured claim was filed pursuant to 11 U.S.C. § 501 and should be allowed under 11 U.S.C. § 502 because no objection has been lodged. The Creditor argues that a paragraph added to 11 U.S.C. § 1325(a) by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") does not prohibit it from asserting an unsecured claim for the deficiency on the unsatisfied portion of the debt. According to the Creditor, this "hanging paragraph," with its reference to 11 U.S.C. § 506(a), does not apply because the claim should be allowed under § 502, and it should be paid pro rata with all other allowed unsecured claims.

The Debtor, on the other hand, argues that because the "hanging paragraph" provision of § 1325(a)(9) prohibits the bifurcation or "cram-down" of a claim for a motor vehicle purchased within 910 days of the date of the commencement of a bankruptcy case, the Creditor's claim for the Vehicle must be treated as a fully secured claim, and the Debtor's surrender of the Vehicle dispossesses the Creditor of the right to file an unsecured claim for the deficiency balance owed by the Debtor.

On February 23, 2007, the Court denied confirmation of the Debtor's modified plan for other reasons, including material default in plan payments. The Court reserved ruling on the issue at bar and took the Creditor's objection to confirmation of the plan under advisement. This issue

has arisen repeatedly post-BAPCPA, and it has been resolved with differing results by many courts attempting to construe and apply the statutory language.

## III. DISCUSSION

The issue before the Court is one of first impression for this judge and involves the "hanging paragraph" found at the end of § 1325(a)(9). In particular, the Court must determine whether a debtor may surrender a vehicle to a secured creditor, as part of a Chapter 13 plan, in full satisfaction of the creditor's claim, even though the liquidation proceeds of the vehicle are less than the total claim, thereby precluding that creditor from asserting a deficiency claim. The Court concludes that the Debtor is not entitled to surrender the Vehicle to the Creditor in full satisfaction of its claim. The Creditor is entitled to assert the unsecured portion of its claim for the deficiency balance owed by the Debtor after liquidation of the collateral in accordance with relevant state law. The Court will discuss the reasons for this decision.

In the context of a Chapter 13 case, § 1325(a)(5) of the Bankruptcy Code, as amended by BAPCPA, sets forth three options for a Chapter 13 plan's treatment of allowed secured claims: (1) the secured claim may be treated in a manner accepted by the secured creditor (11 U.S.C. § 1325(a)(5)(A)); (2) the debtor may retain the property as long as the value of the property to be distributed under the plan on account of the secured claim is not less than the allowed amount of such claim (11 U.S.C. § 1325(a)(5)(B)); or (3) the debtor may surrender the collateral securing the claim to such holder (11 U.S.C. § 1325(a)(5)(C)). Only the third option is at issue here.

Section 506(a)(1)[2] of the Bankruptcy Code provides that an allowed claim is bifurcated into components; one secured to the extent of the value of the creditor's interest in the collateral, and the remainder of the claim is unsecured to the extent that the value of the collateral is less than the amount of such allowed claim. Prior to the enactment of BAPCPA, a Chapter 13 debtor could bifurcate a secured creditor's claim into secured and unsecured portions, thereby allowing the debtor to retain the property by paying the secured creditor only the value of its collateral, plus interest, and treating any remaining balance the debtor owed as a general unsecured claim. *See* 11 U.S.C. §§ 506(a), 1322(b), & 1325(a)(5)(B). A debtor who wanted to retain the collateral securing a claim could "cram down" such claim under § 506(a) by paying the value of the secured portion of the claim, plus interest, with the unsecured portion to be paid with the other general unsecured claims. *See* 11 U.S.C. § 1325(a)(5)(B). This was commonly done, and § 506(a) was used to bifurcate the claim when a debtor proposed to keep the collateral and pay the secured claim component over time, plus some interest factor.

---

[2] Section 506(a)(1) provides as follows:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to set off is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

11 U.S.C. § 506(a)(1).

On the other hand, the debtor could surrender the collateral to the secured creditor, who might then liquidate it and file an unsecured deficiency claim. *See* 11 U.S.C. § 1325(a)(5)(C). In such a plan, no real use of the bifurcation under § 506(a) is needed. After surrender and liquidation of the collateral, the remaining unpaid balance of the underlying debt would be an unsecured claim potentially allowable under § 502.

With the enactment of BAPCPA, § 1325(a) was amended to include a new paragraph at the end of § 1325(a)(9). It has been coined the "hanging paragraph,"[3] and provides in relevant part as follows:

> For purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle . . . acquired for the personal use of the debtor, or if collateral for that debt consists of any other thing of value, if the debt was incurred during the 1-year period preceding that filing.

11 U.S.C. § 1325(a)(9). This paragraph eliminates a debtor's ability to confirm a plan that bifurcates a vehicle creditor's secured claim under § 506(a) in the following circumstances: (1) the creditor has a purchase money security interest; (2) in a motor vehicle acquired for the debtor's personal use; and (3) the debt secured by the vehicle was incurred within 910 days of the filing of the bankruptcy petition. *Id.*

There is no dispute that the Vehicle in the matter at bar was purchased by the Debtor for her personal use and that the Creditor's purchase money security interest securing the debt owed

---

[3] One court has noted that this paragraph is termed the "hanging paragraph" because of "its awkward placement" and its failure to contain "any identifying number or letter." *In re Payne*, 347 B.R. 278, 280 (Bankr. S.D. Ohio 2006).

to it for the Vehicle arose within 910 days of the commencement of this case. Hence, the Court must determine whether, pursuant to her Chapter 13 plan, the Debtor can surrender the Vehicle to the Creditor under § 1325(a)(5)(C) in full satisfaction of the debt she owes to the Creditor, and whether the Creditor is prohibited from maintaining an unsecured claim for the remaining deficiency amount.

Most of the cases that have addressed this issue conclude that the surrender of a vehicle to a creditor under § 1325(a)(5)(C) constitutes full satisfaction of the allowed secured and unsecured claim components. *See In re Ezell*, 338 B.R. 330 (Bankr. E.D. Tenn. 2006); *In re Sparks*, 346 B.R. 767 (Bankr. S.D. Ohio 2006); *In re Brown*, 346 B.R. 868 (Bankr. N.D. Fla. 2006); *In re Payne*, 347 B.R. 278 (Bankr. S.D. Ohio 2006); *In re Osborn*, 348 B.R. 500 (Bankr. W.D. Mo. 2006), *aff'd*, No. 06-6061WM, 2007 WL 542435 (B.A.P. 8th Cir. Feb. 23, 2007); *In re Evans*, 349 B.R. 498 (Bankr. E.D. Mich. 2006); *In re Nicely*, 349 B.R. 600 (Bankr. W.D. Mo. 2006); *In re Pool*, 351 B.R. 747 (Bankr. D. Or. 2006); *In re Turkowitch*, 355 B.R. 120 (Bankr. E.D. Wis. 2006); *In re Feddersen*, 355 B.R. 738 (Bankr. S.D. Ill. 2006); *In re Long*, No. 06-30651, 2006 WL 2090246 (Bankr. E.D. Tenn. Mar. 13, 2006); *In re Bayless*, No. 06-31517, 2006 WL 2982101 (Bankr. E.D. Tenn. Oct. 18, 2006); *In re Maggett*, No. BK06-80573, 2006 WL 3478991 (Bankr. D. Neb. Oct. 19, 2006); *In re Gentry*, No. 06-50204, 2006 WL 3392947 (Bankr. E.D. Tenn. Nov. 22, 2006); *In re Durham*, No. 06-23034, 2006 WL 4058354 (Bankr. D. Utah Dec. 14, 2006); *In re Moon*, No. 06-81896-JAC-13, 2007 WL 214409 (Bankr. N.D. Ala. Jan. 26, 2007); *In re Steakley*, No. 06-31181, 2007 WL 259570 (Bankr. E.D. Tenn. Jan. 26, 2007); *In re Quick*, Nos. 06-10729-M, 06-11031-M, 2007 WL 269808 (Bankr. N.D. Okla. Jan. 26, 2007); *In re Keck*, No. 06-32392, 2007 WL 470349 (Bankr. E.D. Tenn. Feb. 9, 2007); *In re Rice*, No. 06-

32334, 2007 WL 541809 (Bankr. E.D. Tenn. Feb. 16, 2007); *In re Bivins*, No. 06-51778 RFH, 2007 WL 624385 (Bankr. M.D. Ga. Feb. 23, 2007). The Court need not rehash the logic of these decisions.

The minority view, however, which supports the Creditor's position, holds that the surrender of a vehicle does not result in full satisfaction of the claim, thereby allowing the creditor to seek whatever state law remedies may be available, including the right to a deficiency as an unsecured claim in the plan. *See Dupaco Cmty. Credit Union v. Zehrung (In re Zehrung)*, 351 B.R. 675 (W.D. Wis. 2006); *In re Duke*, 345 B.R. 806 (Bankr. W.D. Ky. 2006); *In re Particka*, 355 B.R. 616 (Bankr. E.D. Mich. 2006); *In re Hoffman*, No. 06-51510, 2006 WL 4071828 (Bankr. E.D. Mich. Dec. 29, 2006); *In re Morales*, No. 06 B 9886, 2007 WL 92414 (Bankr. N.D. Ill. Jan. 11, 2007); *In re Clark*, No. 06-11943, 2007 WL 625272 (Bankr. N.D. Miss. Feb. 23, 2007). In part, this line of cases notes that upon surrender of the collateral, the bankruptcy estate no longer has an interest in the collateral for purposes of § 506. Therefore, nothing in the text of the "hanging paragraph" precludes a creditor from pursuing an allowed unsecured deficiency claim under § 502. The Court finds that the minority position is the better reasoned view and will follow that line of cases.

Judge Schmetterer in the *Morales* case followed Judge Shefferly's logic in *Particka*, and he aptly explained the interplay between § 506(a) and § 1325(a)(5)(C):

> if a debtor surrenders the vehicle, the interests of parties in the collateral and the impact of § 506 changes. Section 506(a) applies only to "an allowed claim of a creditor secured by a lien on property in which the estate has an interest. . . ." 11 U.S.C. § 506(a). If a confirmed Chapter 13 plan provides for surrender of a vehicle under § 1325(a)(5)(C), the estate no longer has an interest in the vehicle. . . . When . . . . the debtor surrenders the

> vehicle and the estate no longer has an interest in the property that secures a claim, there is no reason to use the valuation process provided in § 506 to determine the amount of the allowed secured claim. Rather, once the vehicle is surrendered to the creditor pursuant to § 1325(a)(5)(C), the value of the creditor's secured claim is determined under state law, Illinois U.C.C., 810 ILCS 5/9-610-624.

*Morales*, 2007 WL 92414, at *5 (citations omitted). Judge Schmetterer further opined that under "Illinois law, the creditor is entitled to liquidate the collateral and retain an unsecured claim for the deficiency." *Id.*

> 'In other words, the bifurcation process of § 506 does not, and never did, apply to determine a secured and unsecured portion of a secured creditor's allowed claim where the estate does not have an interest in the property securing such claim. Once a debtor surrenders property to a secured creditor, there is no longer any reason to apply § 506(a) to determine the allowed amount of such creditor's secured claim because the estate no longer holds an interest in the property.'

*Id.* (*quoting Particka*, 355 B.R. at 624).

It is also significant that the text of the "hanging paragraph" is silent on the issue of surrender precluding a deficiency claim after liquidation of collateral. The sparse legislative history is also silent and only mentions that § 506 does not apply. H.R. REP. NO. 109-31, Pt. 1, at 71-72 (2005), *reprinted in* 2005 U.S.C.C.A.N. 88. The Court notes that Congress has expressly legislated provisions in the Bankruptcy Code that negate various state law rights and obligations in bankruptcy, such as assumption of executory contracts to make loans or financial accommodations to debtors (11 U.S.C. § 365(c)(2)) and forfeiture clauses (11 U.S.C. § 363(l); § 365(e) & (f); & § 541(c)). No express prohibition of a deficiency claim after surrender and liquidation of the collateral is contained in the text of the "hanging paragraph" of § 1325(a), and

the Court will not imply same from its absence. The "hanging paragraph's" reference to the inapplicability of § 506 and bifurcation of undersecured claims (when debtors keep the collateral) is not a blanket prohibition or disallowance of a wholly unsecured deficiency claim after liquidation of surrendered collateral. Had that been the intent behind the "hanging paragraph," Congress could have so stated.[4]

Pursuant to the minority line of reasoning, the "hanging paragraph" does not allow a debtor to surrender a vehicle in full satisfaction of the creditor's claim, thereby precluding an unsecured deficiency claim. *Zehrung*, 351 B.R. at 678; *Duke*, 345 B.R. at 809; *Particka*, 355 B.R. at 628-29; *Hoffman*, 2006 WL 4071828 at *3; *Morales*, 2007 WL 92414, at *5; *Clark*, 2007 WL 625272, at *4. This result comports with what would happen outside of bankruptcy and the principle of *Butner v. United States*; when the Code is silent, state law on property rights supplies the operative rule. 440 U.S. 48, 54-55 (1979).

The Court holds that the Debtor may not surrender the Vehicle in full satisfaction of the debt to the Creditor. The Creditor is entitled to seek its available state law remedies, including its right to an unsecured deficiency claim.

## IV. CONCLUSION

For the foregoing reasons, the Court sustains the Creditor's objection to the Debtor's modified plan. The Court finds that the Debtor's surrender of the Vehicle does not extinguish the Creditor's remaining unsecured claim for the deficiency balance due from the Debtor to the

[4] This portion of § 1325(a) is yet another example of needed remedial legislation arising from the BAPCPA amendments.

Creditor. The Creditor is entitled to seek its available state law remedies, including its right to an unsecured deficiency claim.

This Opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate order shall be entered pursuant to Federal Rule of Bankruptcy Procedure 9021.

**ENTERED:**

**DATE:** 3/12/7

John H. Squires
United States Bankruptcy Judge

cc: See attached Service List

**SERVICE LIST**

**Linda J. Blanco**
**Bankruptcy No. 06 B 13223**

David J. Frankel, Esq.
Sorman & Frankel, Ltd.
203 N. LaSalle Street, Suite 2350
Chicago, IL 60601

Xiaoming Wu, Esq.
Ledford & Wu
200 S. Michigan Ave., Suite 209
Chicago, IL 60604

Glenn B. Stearns
Chapter 13 Standing Trustee
4343 Commerce Court, Suite 120
Lisle, IL 60532